IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SELOMI MONGE VILLALTA,

Plaintiff,

v.

ERIC H. HOLDER, Jr., Attorney General; JANET NAPOLITANO, Secretary of the Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants.

No. C 11-03021 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

## INTRODUCTION

In this breach-of-contract dispute arising out of an immigration-related class action, plaintiff seeks leave to file an amended complaint. For the reasons stated below, plaintiff's motion is **DENIED**.

## STATEMENT

Plaintiff Selomi Monge Villalta, who is proceeding *pro se* and *in forma pauperis*, initiated this action in June 2011 for declaratory and injunctive relief. Background facts are set forth in the order granting defendant's motion to dismiss, dated June 18, 2012 (Dkt. No. 34). Facts relevant to the instant motion are discussed below.

Plaintiff's complaint alleged that defendants had breached the stipulated class action settlement agreement approved in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) (Peckham, J.) ("ABC agreement"). The settlement agreement provided that eligible class members would be given "a de novo, unappealable asylum adjudication before an Asylum Officer, including a new interview, under the regulations in effect on October 1, 1990."

1 *American Baptist Churches*, 760 F. Supp. at 799. The complaint alleged that the "heart of this
2 dispute is whether Plaintiff exercised his rights to timely register for benefits pursuant to the
3 ABC agreement" (Compl. ¶ 3).

4 Defendants moved to dismiss the action pursuant to Rule 12(b)(6). By order dated June
5 18, defendants' motion was granted. The order stated:

> Plaintiff may seek leave to amend and will have **21 CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint in order to further develop his claims. A proposed amended complaint must be appended to the motion and plaintiff must plead his best case. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein.

10 (Dkt. No. 34 at 10) (emphasis in original). Plaintiff did not file a motion seeking leave to amend
11 by the July 9 deadline.

12 On July 18, more than 21 days after the dismissal order, plaintiff filed an appeal with the
13 court of appeals. The appeal was dismissed for failure to prosecute. Plaintiff then filed a motion
14 for leave to file an amended complaint with this Court on October 9, more than 13 weeks after
15 the deadline set by the order. The motion states that plaintiff did not act in bad faith, but
16 provides no reason for the delay. Contrary to the June 18 order, moreover, plaintiff's motion
17 does not explain how the proposed amended complaint addresses the deficiencies identified in
18 the prior order.

19 For the reasons stated below, plaintiff's motion for leave to file an amended complaint is
20 **DENIED**.

**ANALYSIS**

22 Leave to amend a deficient complaint should be freely given when justice so requires;
23 however, "a district court need not grant leave to amend where the amendment: (1) prejudices
24 the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is
25 futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing
26 *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)). Defendants argue that leave to amend
27 should not be granted because the motion is untimely and would be futile. As discussed below,
28 this order agrees.

2

### 1. PLAINTIFF HAS PROVIDED NO JUSTIFICATION FOR THE UNTIMELY FILING.

The June 18 order granting defendants' motion to dismiss clearly stated that plaintiff could seek leave to amend by filing a motion attaching a proposed amended complaint. The deadline for filing such a motion was 21 days from the date of the order, or July 9. Plaintiff did *not* timely file a motion for leave to amend. Instead, on July 18, plaintiff file a notice of appeal with our court of appeals. Plaintiff did not file the instant motion until October 9. To the extent that plaintiff's motion may be construed as asserting that the filing of the notice of appeal tolled the 21-day deadline, this order notes that the notice of appeal was not filed until 9 days after that deadline had run anyway. Plaintiff has provided no reason or justification for the delay in filing his motion for leave to amend.

The amended complaint alleges substantially similar facts as the original complaint, and appends the same exhibits. As with the original complaint, the amended complaint relates to the alleged denial of ABC class benefits to plaintiff in connection with his removal proceedings. Our court of appeals has stated that it "does not look favorably on delayed motions to amend when the facts and theory have been known to the party seeking the amendment since the beginning of the action." *Kowalow v. Corr. Services Corp.*, 35 F. App'x 344, 346 (9th Cir. 2002). Here, plaintiff delayed over thirteen weeks in filing the motion to amend, and has provided no justification for the delay. Although plaintiff is proceeding *pro se*, this lengthy and unexplained delay constitutes grounds for denying leave to amend based on undue delay.

### 2. PLAINTIFF'S PROPOSED AMENDED WOULD BE FUTILE.

Plaintiff's amended complaint does not cure the deficiencies identified in the June 18 order granting defendants' motion to dismiss. That order found that "the exhibit attached to the complaint indicated that plaintiff did register for benefits and that TPS was granted, facts defendants do not dispute" (Compl. Exh. at 47 (INS Record of Action noting "ABC class member"), 56 (showing status as "SPECIAL GROUP: ABC"); Br. 1–2, 4). The order stated that the conclusory allegation that defendants refused to recognize plaintiff's ABC status may be disregarded, as it was contradicted by documents appended to the complaint. The amended

3

complaint appends the same exhibits as the original complaint, including the statements contradicting plaintiff's conclusory allegation that he was denied ABC status.

Plaintiff's amended complaint alleges one claim for breach of contract of the ABC settlement agreement. Plaintiff claims that defendants found that plaintiff was not eligible for ABC status, and thus denied him rights to which ABC class members are allegedly entitled. Specifically, plaintiff claims that defendants "concluded that plaintiff is not eligible and may not apply for relief under ABC, therefore, considered plaintiff [*sic*] asylum application and conducted plaintiff [*sic*] interview under current regulations rather than under the heightened standards provided for in The ABC Settlement Agreement" (Dkt. No. 40-1 at 5). Plaintiff also alleges that defendants deported him under the Illegal Immigration Reform and Immigration Responsibility Act of 1996, which was not yet in effect at the time of the ABC settlement agreement. This order construes the amended complaint as alleging that defendants wrongly applied IIRIRA to find defendant deportable. Plaintiff has not, however, sufficiently stated a claim for breach of contract by merely alleging that defendants could not have deported him under IIRIRA. Plaintiff identifies no provision of IIRIRA that was impermissibly applied to him in contravention of the ABC settlement agreement. As stated in the June 18 order, "the ABC agreement did not require the defendants to complete the new interview within a specified time" (Dkt. No. 34 at 8). Under the ABC agreement, plaintiff was entitled to a de novo asylum interview based on pre-October 1990 regulations. Based on the exhibits appended to plaintiff's complaint, even construed in the light most favorable to plaintiff, plaintiff *did* receive the de novo adjudication he was entitled to under the ABC agreement (Dkt. No. 34 at 7). As noted in the June 18 order, "the ABC agreement did not entitle plaintiff to any particular outcome of the interview; it explicitly allowed resumption of proceedings if asylum were denied after the new interview" (*ibid.*).

Because plaintiff's motion for leave to file an amended complaint does not demonstrate that amendment would cure the defects identified in the June 18 order, the motion is **DENIED**.

4

**CONCLUSION**

For the reasons stated above, plaintiff's untimely motion for leave to file an amended complaint is **DENIED**. As further amendment would be futile, plaintiff will not be allowed to file additional motions for leave to amend. **JUDGMENT WILL BE ENTERED** in favor of defendants and against plaintiff. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5